[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DENYING APPEAL BOND AND FOR ORDER TERMINATING STAY
The defendant seeks an appeal bond from his conviction on December 17, 1999 of violating the terms of his probation and an order for stay pending appeal. Both motions are denied for the reasons set forth herein.
This defendant originally pled guilty to charges of risk of CT Page 321 injury to a minor in violation of § 53a-21 (1) and sexual assault in the fourth degree in violation of § 53a-73 (a)(1), Conn.Gen. Stats. The charges involved a sexual assault on his 8 year old grand daughter that included serious acts of pedophilia. He was sentenced to a term of 5 years, execution suspended after 60 days on the first count and one year, execution suspended after 60 days on the second count, concurrent. The net effective sentence was 5 years suspended after 60 days with 3 years of probation. Special conditions of probation directed the defendant to comply with an Alternative Incarceration Plan. The defendant signed the conditions of probation in the presence of Probation Officer Chris Ruiz-Marshall. The conditions of probation set forth detailed requirements requiring defendant to comply with sexual offender treatment. See State's Exhibit 2, attached hereto.
On July 8, 1998 defendant signed Intensive Sex Offender Conditions requiring among other things that he not have any contact in any form direct or indirect . . . with children under the age of 16, that he not possess any children's clothes, toys, games, etc. and that he not go to or loiter near school yards, parks, playgrounds, swimming pools, arcades or other places primarily used by children under the age of 16. See State's Exhibit 3, attached hereto.
On July 21, 1998 defendant signed a contract for sexual offender treatment that was written in Spanish in the presence of Maria Santos, a Spanish-speaking treatment provider. On June 9, 1999, Anthony Gambardella, his probation officer, discussed the file with the defendant. The defendant told Mr. Gambardella that staying away from children was good for his head. The following day Mr. Gambardella received a call from Intensive Probation Officer Massey that he had just observed the defendant at a baseball park watching an evening softball game and that many children were in the immediate area. Mr. Gambardella then went to Criscuolo Field and he observed the defendant standing at the backstop of the softball park watching an evening softball game. At the hearing Mr. Gambardella testified there was a high volume of children in the park, counting 35 children believed to be under the age of 10 years. A child of under the age of 10 nearly made contact with the defendant as he attempted to retrieve a stray ball. The next day when confronted by probation officials the defendant categorically denied he was at the park on the previous night. The defendant who testified on his own behalf at the violation of probation hearing, again repeated this denial at CT Page 322 the hearing. On June 18, 1999 Officer Gambardella visited defendants's home. Two males who appeared to be less than ten years of age were approximately 20 feet from the defendant, outside of the home. Inside the home was a male who appeared to be about 16 years old and a female under the age of one. Inside defendant's home were children's toys, games, and clothing.
The Court found it in its ruling at a close of the evidence that it had considered all of the evidence and that the State had sustained its burden of proving the defendant had violated the terms of his probation. The evidence was overwhelming. The Court also found that the purposes of probation could not longer be served by continuing the defendant in probation. The testimony of the State's witnesses was credible and defendant's testimony was unbelievable. The defendant is a risk to the community and particularly the young and innocent therein. The Court has found that a violation of probation has been established by reliable and probative evidence. Sec. 53a-32 (b) Conn. Gen. Stats. Bail pending appeal is denied and any stay is terminated.
Owens, J.
[EDITORS' NOTE: ] [THIS PAGE IS ELECTRONICALLY NON-TRANSFERRABLE.]
 SEX OFFENDER PROBATION CONDITIONS
Probationer: ___________________ Probation Officer: _____________________
State Number: _____________________
1. ___ You will participate in and complete any sex offender evaluation and recommended treatment provided by a therapist approved by the Office of Adult Probation. You will be financially responsible for the costs of such treatment and that of the victim. You will participate in periodic polygraph examinations, as required and by a specially trained PDD examiner, for the purpose of risk management.
2. ___ You will have no contact with the victim or victim's family (including letters, telephone calls, tapes, videos, or third party contact) unless approved by your therapist, the victim, the victim's therapist and the Probation Officer. Accidental contact with the victim or victim's family will be reported immediately to your Probation Officer. CT Page 323
3. ___ You will reside at a place of residence approved by your Probation Officer. You will not move from your place of residence or sleep elsewhere overnight without a Probation Officer's prior knowledge and permission.
4. ___ You will allow entry into your place of residence to any Probation Officer and notify any occupant of your residence that a Probation Officer may enter where you live.
5. ___ You will abide by any curfew imposed by your Probation Officer.
6. ___ You will not possess, or subscribe to, any sexually stimulating material deemed inappropriate by treatment staff or your Probation Officer, subject to confiscation of such materials. You will not patronage any place where such material or entertainment is available.
7. ___ You will not utilize telephone numbers which provide access to sexually oriented services.
8. ___ You will not utilize Internet services without the permission of your Probation Officer.
9. ___ You will not hitchhike or pick up hitchhikers.
10. ___ You will submit to electronic monitoring as deemed necessary by your Probation Officer. You may be required to pay for the costs of such monitoring. You will not tamper with or remove electronic monitoring equipment without the permission of your Probation Officer.
11. ___ You will participate in any other treatment programs as directed by the Probation Officer.
12. ___ You will take medication as prescribed.
13. ___ You will totally abstain from the use of any alcoholic beverages. Do not frequent businesses whose primary function is to serve alcoholic beverages. You will remain drug free and submit to periodic urinalysis.
14. ___ You are not to associate with other known sex offenders except in an approved treatment program or with prior probation Officer approval. CT Page 324
In addition to the above, you will abide by any or all of the following conditions as deemed appropriate by your Probation Officer:
You will not have contact in any form, direct or indirect, personally, by telephone, letter, or through another person with children under the age of sixteen without Probation Officer approval.
___ You will not date or socialize with anybody who has children under the age of sixteen without the permission of your Probation officer.
___ You will not be employed or participate in any volunteer activity where you have contact with children under the age of sixteen except under circumstances approved by your Probation Officer.
___ You are not to possess childrens' clothing, toys, games, etc. without prior Probation Officer approval.
___ You will not go to or loiter near school yards, parks, playgrounds, swimming pools, arcades or other places primarily used by children under the age of sixteen.
___ You will not possess a camera, camcorder, or videocassette recorder/player without Probation Officer approval.
___ You must maintain a driving log.
___ Other Probation Officer imposed conditions: ________________________________________________________________
I have read and the Probation Officer has reviewed with me the above conditions. I understand them and will abide by them.
________________________ ________________________ ___________ (Signed) Probationer Probation Officer Date